AUTHORITY OF PERSONNEL BOARD Attorney General's Opinions 71-186 and 71-242 correctly state the law and are hereby affirmed. The Attorney General has considered your letter of August 25, 1971, wherein you request review of Attorney General's Opinions 71-186 and 71-242 vesting sole authority in the Oklahoma Personnel Board to hear complaints alleging violations of 25 O.S. 1101 [25-1101] (1970), et seq. on the part of State agencies. In Attorney General's Opinion No. 71-186, the Attorney General stated: "The Human Rights Commission may receive and investigate complaints from personnel employed by or seeking employment with the State. It is the duty of the State Personnel Board to conduct hearings on complaints with respect to discriminatory practices by the State of Oklahoma as to personnel employed by or seeking employment with the State. That 25 O.S. 1505 [25-1505] (1970) provides for the Human Rights Commission general power to grant relief after a determination of discriminatory practice. That as to discrimination in State employment, 74 O.S. 954 [74-954] (1970) is controlling and vests this authority with the State Personnel Board." In Attorney General's Opinion No. 71-242, the Attorney General stated: "(1) An appointing officer's discretion in selecting State employees pursuant to 74 O.S. 832 [74-832] (1971), is subject to the provisions of 74 O.S. 954 [74-954] (1970); (2) Pursuant to 74 O.S. 954 [74-954] (1970), the State Personnel Board has the authority to investigate any violation of said section; (3) Pursuant to 74 O.S. 833 [74-833] (1970), the appointing authority shall "appear in person or shall designate a representative to appear in his behalf and shall present the agency's position" at a hearing conducted by the State Personnel Board; (4) Pursuant to 74 O.S. 954 [74-954] (1970), the State Personnel Board has the power to enforce its orders pertaining to violations of said section; (5) Although State agencies and departments are subject to the provisions of 25 O.S. 1101 [25-1101] (1970) et seq., the State Personnel Board, pursuant to 74 O.S. 954 [74-954] (1970), is the controlling authority for review regarding any alleged discriminatory employment practices of the State." We have reviewed the above opinions and the applicable law, and have concluded that said opinions are correct and should be adhered to. It is, therefore, the opinion of the Attorney General that Attorney General's Opinions 71-186 and 71-242 correctly state the law and are hereby affirmed. (Mike D. Martin)